UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | 3:08-CR-0066-LRH-RAM |
| ) | 3:08-CR-0006-LRH-RAM |
| v. ) | |
| ) | |
| DARIN JEROME FRENCH, ) | ORDER |
| ) | |
| Defendant. ) | |

Before the court is defendant Darin Jerome French's ("French") motion for release pending appeal in the matter of United States v. Darin Jerome French, case no. 3:08-cr-0066-LRH-RAM ("French II"), filed on September 14, 2009. Doc. #121[1]. The United States filed an opposition on September 24, 2009. Doc. #126. Thereafter, French filed a reply on October 9, 2009. Doc. #127.

Also before the court is French's motion for continued release pending trial in the matter of United States v. Darin Jerome French, case no. 3:08-cr-0006-LRH-RAM ("French I"), filed on August 10, 2009. Doc. #78, 3:08-cr-0006. The United States filed an opposition on October 7, 2009. Doc. #85, 3:08-cr-0006. Thereafter, French filed a reply on October 16, 2009. Doc. #87, 3:08-cr-0006.

On October 19, 2009, the court heard oral argument on both motions. Doc. #128.

---

[1] Refers to the Court's docket number.

## I.   Facts and Procedural History

On January 16, 2008, French was indicted with twenty-one (21) counts of mail fraud in violation of 18 U.S.C. § 1341, and sixty-three (63) counts of wire fraud in violation of 18 U.S.C. § 1343 in French I for allegedly devising and participating in a scheme to defraud internet customers through a company French owned called "Look What We Got" ("LWWG"). Doc. #1, 3:08-cr-0006. French was released pending trial. Doc. #7, 3:08-cr-0006. Trial in French I is currently scheduled for January 26, 2010. Doc. #82, 3:08-cr-0006.

On July 23, 2008, French was indicted with thirty-six (36) counts of wire fraud in violation of 18 U.S.C. § 1343 in French II for allegedly defrauding Maytag through false repair claims. Doc. #1. A jury trial in French II was conducted from February 17, 2009, through February 19, 2009. At the close of the government's case-in-chief, French made an oral motion for a judgment of acquittal based on insufficient evidence. *See* Doc. #46. The court denied French's motion finding that, "viewing the evidence in the light most favorable to the government, the evidence at the close of the government's case would have allowed a reasonable jury to conclude the government had established the essential elements of wire fraud (counts 1 through 36) beyond a reasonable doubt with respect to defendant." Doc. #56.

On February 19, 2009, the jury convicted French on all thirty-six (36) counts. Doc. #51. Thereafter, French filed a motion for a new trial (Doc. #57) and a motion to reconsider the court's order denying the oral motion for a judgment of acquittal (Doc. #58). French argued that the government's evidence was insufficient to support a guilty verdict because there was no direct testimony establishing that he committed the acts of wire fraud. *See* Doc. #57. The court denied the motions finding that although the government did not provide direct witness testimony of French's actions, "there was sufficient circumstantial evidence[2] presented to the jury to establish each

---

[2] The circumstantial evidence included the use of French's specific, unique Maytag user identification number and personal password (created by French) to enter the false repair claims, as well as other testimony that neither French, nor anyone at his company, had ever repaired equipment in the cities that the false repair

element of the offense." Doc. #64.

On May 13, 2009, French retained new counsel for post-trial proceedings. Doc. #66. Thereafter, French filed a motion to reconsider the court's order denying the motion for a new trial (Doc. #64). Doc. #82. French again argued that the evidence at trial was insufficient to support the jury's verdict and added that there was substantial exculpatory "new evidence"[3] warranting reconsideration. *See Id*. After an extensive analysis of French's "new evidence" the court denied the motion finding that every piece of "new evidence" was "either known to [French] or readily available with the exercise of due diligence prior to trial." Doc. #91. Thus, there was no actual "new" evidence supporting reconsideration of the court's order.[4] *Id*.

Subsequently, French filed another motion for a new trial based on Judge Sandoval's decision to not recuse himself from presiding over the trial. Doc. #95. French argued that while Attorney General for the State of Nevada, Judge Sandoval and his department initially investigated French and his company, LWWG, for activities which ultimately culminated in the indictment in French I, case no. 3:08-cr-0006. *Id*. The court denied French's motion finding that it was uncontested that Judge Sandoval ceased being the attorney general in 2005, "well before French was indicted in this case and before the events giving rise to this case even occurred." Doc. #101. Therefore, the court concluded that recusal was not required because Judge Sandoval "could not possibly have participated as counsel, adviser, or material witness concerning this case, nor could

---

claims were for. For a complete analysis of the circumstantial evidence provided at trial see the court's March 25, 2009 order denying the motion for a new trial (Doc. #64).

[3] In support of his motion for reconsideration, French attached twenty-two (22) separate exhibits outlining the evidence that he claims is both "new" and supports an acquittal. The court, in its July 7, 2009 order denying the motion for reconsideration (Doc. #91) examined the attachments and concluded that all of the evidence cited was known at the time of trial even though defense counsel at the time chose not to put any of the evidence forward. Thus, defense counsel's decision to not use the evidence did not make the evidence "new" for purposes of a motion for reconsideration.

[4] The court also denied French's motion as untimely because it was filed more than ten (10) days after the court filed its order. *See United States v. Hearst*, 563 F.2d 1331, 1352 (9th Cir. 1977).

he have expressed an opinion concerning this case's merits because the crimes in this case had not yet occurred." *Id*.

Thereafter, French filed a motion to reconsider the court's order denying the motion for a new trial based on the issue of recusal. Doc. #103. French argued that although the Nevada Attorney General's Office, and Judge Sandoval in particular, did not investigate the activities that culminated in the indictment for French II, Judge Sandoval was nonetheless biased against French merely from having investigated him for other possible criminal activity. *Id*. The court once again denied French's motion finding that his arguments for Judge Sandoval's alleged bias were without legal and factual support. Doc. #103.

On August 12, 2009, French was sentenced to thirty (30) months imprisonment followed by a term of supervised release for three (3) years. Doc. #107. On August 18, 2009, French appealed his sentence and conviction. Doc. #111. Thereafter, French filed the present motion for bail pending his appeal. Doc. #121.

## II.     Motion for Release Pending Appeal (French II)

A defendant may be released on bail pending an appeal if the court finds by clear and convincing evidence: (1) that the defendant is not likely to flee or pose a danger to the community; and (2) that the appeal raises a substantial question of law or fact likely to result in a reversal or an order for a new trial. *See* 18 U.S.C. § 3143(b)(1); *United States v. Handy*, 761 F.2d 1279, 1283 (9th Cir. 1984). A substantial question "is one that is fairly debatable or fairly doubtful." *Id*.

Here, the court finds that French is not likely to flee or pose a danger to the community. French has no significant criminal history and was released on bond pending trial in both French I and French II. Further, French completely co-operated with pre-trial services both before, and after, his conviction in French II. Finally, the court granted French thirty-two (32) days to self-surrender and get his affairs in order after sentencing. Doc. #107.

However, the court finds that French has failed to show, by clear and convincing evidence,

4

that his appeal raises a substantial question of law or fact likely to result in a reversal or order for a new trial. French argues that he has shown three separate substantial questions likely to result in a reversal or new trial: (1) the insufficiency of the evidence at trial to support a guilty verdict; (2) inappropriate sentencing calculations based on attributing the full amount of Maytag's loss ($350,000.00) to French; and (3) Judge Sandoval's refusal to recuse himself from the trial. *See* Doc. #121.

### a. Insufficiency of the Trial Evidence

French argues that there was no direct testimony at trial about his actions, and that, based solely on the circumstantial evidence, the government failed to meet its burden to prove all the elements of wire fraud beyond a reasonable doubt. In particular, French argues that evidence that he knew of the ongoing fraud[5] was not a concession of guilt or participation and that evidence of money being deposited into the company's account does not show that he personally gained from the false repair claims. Further, French argues that there was exculpatory "new" evidence[6] which, if provided at trial, would have raised a reasonable doubt as to French's guilt. Thus, French argues that a reasonable fact finder could find that it is "fairly doubtful" that the government met its burden and order a new trial or acquittal on that basis.

However, as the court noted in its previous orders[7], the circumstantial evidence was sufficient for a reasonable juror to conclude that French knew of and engaged in wire fraud. There is sufficient evidence to support a conviction if, viewing the evidence in the light most favorable to

---

[5] The court's March 25, 2009 order denying French's first motion for a new trial (Doc. #64) directly addressed French's concern about his knowledge in the fraud. When first questioned by a Maytag investigator and informed of the fails complaints, French replied that he was working with an unknown participant named Flaky regarding the claims, but then immediately stopped responding and refused to answer any more of the investigator's questions. The court concluded that, taking all inferences in the light most favorable to the prosecution, this testimony was sufficient to support a reasonable juror's conclusion that French knew of the fraudulent repairs being sent to Maytag.

[6] For a complete list of French's new evidence see his exhibits to Doc. #82.

[7] *See* Doc. ##57, 64.

1  the prosecution, any rational trier of fact could have found the essential elements of the offense
2  charged beyond a reasonable doubt. *United States v. Johnson*, 229 F.3d 891, 894 (9th Cir. 2000).
3         The evidence at trial was uncontroverted that French was given a unique identifier code to
4  access Maytag's warranty reimbursement department and that as part of setting up the account
5  French established his own personal password. Moreover, the evidence at trial established that only
6  French and his wife had access to the business account in which the warranty reimbursement
7  money was deposited so noone else could have benefitted from the fraudulent transactions. Further,
8  the evidence French identifies was known at the time of trial and it was defense counsel's choice to
9  not introduce any of that evidence at the end of the government's case. *See* Doc. #91. Thus, the
10 "new" evidence is irrelevant to the issue of the sufficiency of the evidence provided at trial, and
11 does not show a substantial question of fact likely to result in a reversal. Therefore, viewing the
12 evidence in the light most favorable to the prosecution, a reasonable juror could find that French
13 committed wire fraud beyond a reasonable doubt.

14        **b. Sentencing Calculations**

15        French argues that the court inappropriately attributed the entirety of Maytag's $350,000.00
16 loss to his sentencing calculations which significantly increased his total offense level and
17 precluded his attorney from arguing for a sentence of probation under the sentencing guidelines.
18 French claims that because the warranty disbursement money was deposited into the company's
19 accounts he had to pay taxes and other bills with a portion of the money thus reducing the money
20 that he could directly access. Further, French argues that because he lives and earned the money in
21 a community property state, the court can only attribute his half of the warranty disbursement to his
22 sentencing calculations because that is all that he would receive under the community property laws
23 of the state.

24        French's arguments are without merit and do not raise a substantial question of law. The
25 amount of loss that is assessed in sentencing calculations is the amount of loss caused by
26

defendant's fraudulent actions, not the total amount of benefit received. Moreover, the sentencing guidelines do not partition the amount of loss between defendants or deduct the costs associated with their crimes.

### c. Recusal

French argues that Judge Sandoval's failure to recuse himself at trail raises a substantial question of law likely to result in a reversal or a new trial because, as attorney general, Judge Sandoval investigated French for criminal activity. At the outset, the court notes that absent a legitimate reason for recusal, a judge should participate in all assigned cases. *See United States v. Holland*, 519 F.3d 909, 912 (9th Cir. 2008). Here, French argues that because Judge Sandoval investigated French in an unconnected matter he is inherently biased. French's argument is without merit.

A judge does not have to recuse himself simply because he served in governmental employ on a matter involving the defendant presently before him. *See United States v. Silver*, 245 F.3d 1075, 1079 (9th Cir. 2001). A judge must recuse himself only when "the case before him is the same as or is related to the case" the judge participated in. *Id*.; *see also* 28 U.S.C. § 455. Here, it is uncontroverted that Judge Sandoval was not the attorney general either when this case was investigated. Moreover, the Nevada Attorney General's Office did not investigate French at all in connection with this particular case. As such, Judge Sandoval did not participate in the present case and recusal was not warranted. Accordingly, French has failed to meet his burden to show a substantial question of law regarding recusal likely to result in a reversal or order for new trial.

### III.    Motion for Continued Release Pending Trial (French I)

French argues that he should be released pending trial in French I because counsel needs his assistance in preparing for the trial and establishing his defense. Doc. #78, 3:08-cr-0006. French notes that there is over twenty thousand pages of voluminous discovery in French I and that his unique perspective is necessary to help defense counsel sort through it all. Further, he argues that it

would be extremely difficult for French's counsel to meet with French if he was incarcerated due to his conviction in French II.

The court appreciates the position defense counsel is in and the difficulties that occur when attempting to prepare a defense while a client is incarcerated. The court is not oblivious to these difficulties and would take them into consideration should some other action be required. However, there is no legal basis to stay the execution of French's sentence in French II simply to allow defense counsel to prepare for the pending trial in French I. Further, French has made no showing that it would be unduly prejudicial to require him to serve his sentence while preparing for his pending trial. Accordingly, French's motion for continued release pending trial is denied.

IT IS THEREFORE ORDERED that defendant's motion for release pending appeal (Doc. #121) in case no. 3:08-cr-0066 is DENIED.

IT IS FURTHER ORDERED that defendant's motion for continued release pending trial (Doc. #78) in case no. 3:08-cr-0006 is DENIED.

IT IS SO ORDERED.

DATED this 29th day of October, 2009.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE