UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | 3:08-CR-0066-LRH-RAM |
| v. | ) | |
| DARIN JEROME FRENCH, | ) | ORDER |
| Defendant. | ) | |

Before the court is defendant Darin Jerome French's ("French") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Doc. #146.[1] The United States filed an opposition (Doc. #168) to which French replied (Doc. #169).

**I.    Facts and Procedural History**

On July 23, 2008, French was indicted on thirty-six (36) counts of wire fraud in violation of 18 U.S.C. § 1343 for allegedly defrauding Maytag through false warranty repair claims. Doc. #1. On February 19, 2009, after a three day jury trial, French was convicted on all thirty-six (36) counts. Doc. #51. French was subsequently sentenced to thirty (30) months imprisonment followed by a term of supervised release for three (3) years. Doc. #107.

French appealed his sentence and conviction to the Ninth Circuit (Doc. #111) and the Ninth

---

[1] Refers to the court's docket number.

Circuit ultimately denied his appeal and affirmed both his conviction and sentence (Doc. #139). Thereafter, French filed the present motion to vacate, set-aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Doc. #146.

**II.    Discussion**

Pursuant to 28 U.S.C. § 2255, a prisoner may move the court to vacate, set aside, or correct a sentence if "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255; 2 Randy Hertz & James S. Liebman, Federal Habeas Corpus Practice and Procedure § 41.3b (5th ed. 2005).

In his motion for relief under § 2255, French presents two separate grounds for relief: (1) ineffective assistance of counsel; and (2) witness perjury. *See* Doc. #146. First, French argues that his counsel was ineffective because his counsel allegedly failed to file French's suggested motions, offered no defense witnesses at trial, failed to investigate suggested individuals, and failed to ask suggested cross-examination questions of key government witnesses. Second, French argues that he is entitled to § 2255 relief because government witness FBI Agent Ginnochio allegedly perjured himself during the trial.

**A.  Ineffective Assistance of Counsel**

The Sixth Amendment to the Constitution provides that criminal defendants "shall enjoy the right to have the assistance of counsel for his defense." U.S. Const. Amend. VI. To establish ineffective assistance of counsel, a petitioner must show that his counsel's performance was deficient, and that petitioner was prejudiced as a result of counsel's deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In determining whether counsel's performance was deficient, the court must examine counsel's overall performance, both before and at trial, and must be highly deferential to the attorney's judgments." *Quintero-Barraza*, 78 F.3d at

1348 (citing *Strickland*, 466 U.S. at 688-89) (internal quotations omitted). Once a petitioner has established that counsel's performance was deficient, the petitioner "must then establish that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*.

The court has reviewed the documents and pleadings on file in this matter and finds that French has failed to establish that his counsel's performance was ineffective. The decisions challenged by French are the tactical decisions of knowledgeable counsel at trial. Generally, tactical decisions of counsel with which a criminal defendant disagrees are not sufficient to establish a claim for ineffective assistance of counsel. *See e.g., Morris v. California*, 966 F.2d 448, 456 (9th Cir. 1991); *Gustave v. United States*, 627 F.2d 901, 904 (9th Cir. 1980). Rather, a movant must establish that the failure to pursue a specific tactic or the choice to pursue a specific tactic was "outside the wide range of professionally competent assistance." *United States v. Houtcens*, 926 F.2d 824, 828 (9th Cir. 1991).

Here, French fails to provide a sufficient factual basis for the court to find that his counsel's decision to not file a particular motion, ask a specific cross-examination question, or call a particular defense witness was not a competent tactical decision of knowledgeable trial counsel in light of the circumstantial nature of the government's case. Further, French has no legal authority to support his claim that because counsel did not follow his suggestions during trial, counsel's performance was constitutionally deficient. Based on the record before the court, the court cannot say that counsel's tactical decisions were outside the "range of professional competent assistance." *See Houtcens*, 926 F.2d at 828.

**B. Witness Perjury**

Generally, "[s]ection 2255 may not be invoked to relitigate questions which were or should have been raised on direct appeal from the judgment of conviction. *Hammond v. United States*, 408

F.2d 481, 483 (9th Cir. 1969) (internal quotations omitted). In his appeal, French raised the issue of Agent Ginnochio's alleged perjury. *See* Doc. #139. Thus, because French raised the issue of direct appeal, he is barred from raising it on collateral review. *United States v. Davis*, 417 U.S. 333, 342 (1974). Accordingly, the court shall deny French's motion to vacate, set-aside, or correct sentence pursuant to 28 U.S.C. § 2255.

IT IS THEREFORE ORDERED that defendant's motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255 (Doc. #146) is DENIED.

IT IS SO ORDERED.

DATED this 1st day of March, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE