UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | 3:08-CR-0066-LRH-RAM |
| v. | ) | |
| DARIN JEROME FRENCH, | ) | ORDER |
| Defendant. | ) | |

Before the court is defendant Darin Jerome French's ("French") various post-sentencing motions: (1) motion to substitute attorney (Doc. #144[1]); (2) motion for leave to proceed in forma pauperis regarding a 28 U.S.C. § 2255 motion (Doc. #145); (3) motion to unseal grand jury transcripts (Doc. #147); (4) motion to change venue (Doc. #148); (5) motion to appear via telephone (Doc. #149); (6) motion for a new trial (Doc. #152); and (7) renewed motion for a new trial (Doc. #158).

Also before the court is the United States's motion to strike French's renewed motion for a new trial (Doc. #158). Doc. #159.

///

///

---

[1] Refers to the court's docket number.

**I.      Facts and Procedural History**

On July 23, 2008, French was indicted on thirty-six (36) counts of wire fraud in violation of 18 U.S.C. § 1343 for allegedly defrauding Maytag through false warranty repair claims. Doc. #1. On February 19, 2009, after a three day jury trial, French was convicted on all thirty-six (36) counts. Doc. #51.

French filed a motion for new trial arguing that the government's evidence was insufficient to support a guilty verdict because there was no direct testimony that he committed the charged acts of wire fraud. *See* Doc. #57. The court denied the motion finding that although the government did not provide direct witness testimony of French's actions, "there was sufficient circumstantial evidence[2] presented to the jury to establish each element of the offense." Doc. #64. In response, French filed a motion to reconsider the court's order arguing that there was substantial exculpatory "new evidence"[3] warranting reconsideration. Doc. #82. After an extensive analysis of French's "new evidence" the court denied the motion finding that every piece of "new evidence" was "either known to [French] or readily available with the exercise of due diligence prior to trial." Doc. #91.

On August 12, 2009, French was subsequently sentenced to thirty (30) months imprisonment followed by a term of supervised release for three (3) years. Doc. #107. French appealed his sentence and conviction to the Ninth Circuit (Doc. #111) and the Ninth Circuit ultimately denied his appeal and affirmed both his conviction and sentence (Doc. #139).

---

[2] The circumstantial evidence included the use of French's specific, unique Maytag user identification number and personal password (created by French) to enter the false repair claims, as well as other testimony that neither French, nor anyone at his company, had ever repaired equipment in the cities that the false repair claims were for. For a complete analysis of the circumstantial evidence provided at trial see the court's March 25, 2009 order denying the motion for a new trial (Doc. #64).

[3] In support of his motion for reconsideration, French attached twenty-two (22) separate exhibits outlining the evidence that he claims is both "new" and supports an acquittal. The court, in its July 7, 2009 order denying the motion for reconsideration (Doc. #91) examined the attachments and concluded that all of the evidence cited was known at the time of trial even though defense counsel at the time chose not to put any of the evidence forward. Thus, defense counsel's decision to not use the evidence did not make the evidence "new" for purposes of a motion for reconsideration.

Thereafter, French filed the present motions for various post-sentencing relief. *See* Doc. ##144, 145, 147, 148, 149, 152, 158.[4] The court shall address each motion below.

**II.     Motion to Substitute Counsel (Doc. #144)**

French requests this court substitute himself in proper person for his attorney of record, Richard F. Cornell ("Cornell"). Cornell consents to the substitution. *See* Doc. #144. Additionally, the Ninth Circuit approved a similar substitution of counsel during French's appeal. *See* Doc. #141. Accordingly, the court shall grant French's motion and relieve Richard F. Cornell as counsel of record.

**III.    Motion to Proceed in forma pauperis on a 28 U.S.C. § 2255 motion (Doc. #145)**

French has submitted an application to proceed in forma pauperis in his § 2255 motion. The court has reviewed the application along with the attached financial affidavit and finds that French has satisfied the requirements for financial hardship. Accordingly, his motion for in forma pauperis status shall be granted.

**IV.    Motion to Unseal Grand Jury Transcripts (Doc. #147)**

French seeks an order from the court unsealing the grand jury transcripts arguing that the indictment issued by the grand jury was based on perjured testimony. *See* Doc. #147. The court may unseal grand jury transcripts in a criminal action, "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." FED. R. CRIM. P. 6(e)(3)(E)(ii). However, "[a] trial judge should order disclosure of grand jury transcripts *only* when the party seeking them has demonstrated that a *particularized need outweighs the policy of secrecy*." *United States v. Walczak*, 783 F.2d 852, 857 (9th Cir. 1986) (emphasis added). Mere "unsubstantiated, speculative assertions of improprieties in the proceedings" do not support a finding of particular need. *United States v. Ferreboeuf*, 632 F.2d

---

[4] French has also filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 that the court shall address in a separate order. *See* Doc. #146.

832, 835 (9th Cir. 1980).

The court has reviewed the documents and pleadings on file in this matter and finds that French's motion fails to provide the required particularized need. In his motion, French argues that unsealing the Grand Jury transcripts is necessary to establish that certain witnesses perjured themselves. However, French offers nothing in support of his motion but speculative assertions that perjury took place. A court should deny a motion to unseal when the motion presents itself as nothing more than an "across the board fishing expedition." *United States v. Kim*, 577 F.2d 473, 478 (9th Cir. 1978). Accordingly, the court shall deny French's motion to unseal.

**V.      Motion to Change Venue (Doc. #148)**

French seeks an order from the court transferring the venue of this criminal action to another court pursuant to 28 U.S.C. § 1404. French's motion is without merit. 28 U.S.C. § 1404(a) provides that a civil action may be transferred to another district for the convenience of the parties and witnesses. 28 U.S.C. § 1404(a). This action is a criminal action, and as such, cannot be transferred pursuant to 28 U.S.C. § 1404(a).

**VI.     Motion to Appear via Telephone (Doc. #149)**

In his motion, French requests that if the court schedules a hearing regarding his motion to unseal Grand Jury transcripts that he be allowed to appear telephonically. Because the court finds that French's motion to unseal is appropriately addressed on the pleadings and that a hearing is not necessary, his motion to appear via telephone is moot and shall be denied.

**VII.    Motion for New Trial (Doc. #152)**

Pursuant to Federal Rule of Criminal Procedure 33, upon a criminal defendant's motion, "the court may vacate any judgment and grant a new trial if the interest of justice so requires." FED. R. CRIM. P. 33(a). Here, French argues that the interest of justice requires a new trial because there is new evidence that individuals associated with French's business activities, including Alexia Tatton/Fernandez ("Fernandez"), a former employee of French at his business Lake Tahoe

4

Appliance had access to the Maytag warranty reimbursement password.

A court should grant a new trial based upon newly discovered evidence if (1) the evidence is in fact new; (2) there was due diligence in finding the new evidence; (3) the evidence is not cumulative; (4) the evidence is material; and (5) the evidence would more likely than not produce an acquittal or more favorable result. *See United States v. Harrington*, 410 F.3d 598 (9th Cir. 2005).

The court has reviewed the documents and pleadings on file in this matter and finds that the "new evidence" that French raises, namely that his former employee Fernandez had access to the Maytag warranty reimbursement password and inputted false invoices, would not result in an acquittal or other more favorable result. In January 2010, while he was investigating separate criminal charges against French, FBI Agent Ginnochio met with Fernandez for an interview concerning her previous employment with French. During her interview, she admitted that she personally inputted a number of false warranty claims under the direct supervision and order of French. She further described how French devised the scheme to defraud Maytag and threatened her to gain her cooperation. Thus, her statement, in contrast to the circumstantial evidence provided at trial, offers direct evidence that inculpates French as the leader in the alleged commission of wire fraud. Therefore, the court finds that the "new evidence" advanced by French is not more likely than not to result in an acquittal or other more favorable result. *See Harrington*, 410 F.3d 598. Accordingly, the court shall deny French's motion for a new trial.

**VIII.   Renewed Motion for a New Trial (Doc. #158) and Motion to Strike (Doc. #159)**

In its motion to strike, the government requests the court strike French's renewed motion for a new trial (Doc. #158). *See* Doc. #159. In French's motion, he argues that he is entitled to a new trial because certain government witnesses, including FBI Agent Ginnochio, perjured their testimony throughout the trial. The government argues that this motion is cumulative with French's first motion for a new trial which was denied by the court and subsequent arguments he raised on

appeal to the Ninth Circuit. The court agrees. French's renewed motion fails to raise any new arguments not already considered by this court or the Ninth Circuit. Accordingly, the court shall grant the government's motion to strike the renewed motion for a new trial as cumulative.

IT IS THEREFORE ORDERED that defendant's motion to substitute counsel (Doc. #144) is GRANTED. Richard F. Cornell is relieved as counsel for defendant Darin Jerome French, who now proceeds pro se.

IT IS FURTHER ORDERED that defendant's motion to proceed in forma pauperis (Doc. #145) is GRANTED. Defendant shall not be required to pay any filing fee associated with his 28 U.S.C. § 2255 motion.

IT IS FURTHER ORDERED that defendant's motion to unseal the Grand Jury transcripts (Doc. #147); motion for change of venue (Doc. #148); motion to appear telephonically (Doc. #149); and motion for a new trial (Doc. #152) are DENIED.

IT IS FURTHER ORDERED that the government's motion to strike (Doc. #159) is GRANTED. The clerk of court shall STRIKE defendant's renewed motion for a new trial (Doc. #158).

IT IS SO ORDERED.

DATED this 4th day of March, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE