UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 3:08-CR-0066-LRH-RAM |
| v. | |
| DARIN JEROME FRENCH, | ORDER |
| Defendant. | |

Before the court are defendant Darin Jerome French's ("French") motion to strike (Doc. #172[1]); motion for production of witness statements (Doc. #173); motion for summary judgment (Doc. #174); and motions for law library materials (Doc. ##178, 180).

**I.  Facts and Procedural History**

On July 23, 2008, French was indicted on thirty-six (36) counts of wire fraud in violation of 18 U.S.C. § 1343 for allegedly defrauding Maytag through false warranty repair claims. Doc. #1. On February 19, 2009, after a three day jury trial, French was convicted on all thirty-six (36) counts. Doc. #51.

On August 12, 2009, French was sentenced to thirty (30) months imprisonment. Doc. #107. French appealed and the Ninth Circuit ultimately affirmed both his conviction and sentence.

---

[1] Refers to the court's docket number.

Doc. #139. Thereafter, French filed the present motions. *See* Doc. ##172, 173, 174, 178, 180.

The court shall address each motion below.

## II.   Motion to Strike Court's Order (Doc. #172)

French seeks an order striking the court's October 21, 2010 order (Doc. #156) on the basis of a clerical error in which the court identified the wrong date of a prior filing. The court has reviewed French's motion and finds that it is without merit. The clerical error does not affect the validity of the order or its outcome in any way or manner. Accordingly, the court shall deny the motion to strike.

## III.   Motion for Production of Witness Statements (Doc. #173)

French seeks an order from the court requiring the United States provide any and all pretrial statements made by any government witnesses who testified at trial pursuant to 18 U.S.C. § 3500.

18 U.S.C. § 3500 provides that, on motion by the defendant, a district court shall "order the United States to produce any statement of the witness in possession of the United States which relates to the subject matter as to which the witness testified." 18 U.S.C. § 3500(b). However, such production of statements "is not automatic." *United States v. Hanna*, 55 F.3d 1456, 1459 (9th Cir. 1995). A defendant must request the production of pretrial statements during trial after the witness has testified. *See United States v. Burke*, 506 F.2d 1165, 1168 (9th Cir. 1974).

Here, the court finds that French's request for documents is untimely. French did not move the court for the production of pretrial statements until after his conviction and appeal. Accordingly, the court shall deny his motion for production. *See Burke*, 506 F.2d at 1168 ("[T]he burden rests upon the defendant to invoke the statute at the appropriate time . . . .").

## IV.   Motion for Summary Judgment (Doc. #174)

French moves for summary judgment on his renewed motion for a new trial (Doc. #158). On March 4, 2011, the court issued an order on French's motion. *See* Doc. #183. Therefore, in light of the court's order, the court finds that French's present motion for summary judgment is moot.

**V.      Motion for Law Library Materials (Doc. ##178, 180)**

For a period of time in early 2011, French was housed at the Washoe County Detention Center, a state facility without a law library, while he was awaiting trial for a separate criminal charge. During that time, French filed the present motions for law library access, as well as a similar motion in the other criminal action.

Initially, the court notes that trial has concluded in the other action and French has been transferred back to a federal facility with a law library. Thus, because French is no longer housed at the Washoe County Detention Center, there is no longer a need for the court to provide him with legal materials and library access. Accordingly, the court shall deny French's motions as moot.

IT IS THEREFORE ORDERED that defendant's motion to strike (Doc. #172) and motion for production of witness statements (Doc. #173) are DENIED.

IT IS FURTHER ORDERED that defendant's motion for summary judgment (Doc. #174) and motions for law library access (Doc. ##178, 180) are DENIED as moot.

IT IS SO ORDERED.

DATED this 18th day of March, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE